Jason McCorvey
Christina McCorvey
244 Stock Landing Rd.
Deville, LA [71328]
318-542-5028 or 318-542-5029
Plaintiff in Pro Se

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11 / 5 / 14
M3

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| Jason McCorvey, *an individual* | ) Case No.: 1:14-cv-3186 |
| Christina McCorvey, *an individual* | ) |
| Plaintiff, | ) **PLAINTIFFS'S COMPLAINT FOR** |
| | ) **DAMAGES, RESTITUTION, AND** |
| vs. | ) **INJUNCTIVE RELIEF** |
| | ) |
| OCWEN LOAN SERVICING, LLC, and | ) |
| DOES 1 -100 | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| OCWEN LOAN SERVICING, | ) |
| LLC.,. | ) |

**COMES NOW** Plaintiffs, Jason McCorvey and Christina McCorvey and for their Complaint

against OCWEN LOAN SERVICING, LLC., complain and allege as follows:

## I. THE PARTIES

1.       Plaintiffs Jason McCorvey ('Jason") and Christina McCorvey ("Christina"), and

collectively referred to as ("MCorvey's") are individuals, which wish to be referred to by their

natural names in all documents, and when addressed in the court throughout the proceedings, this

means using caps, and small lettering on all complaints, and at all relevant times residents of

Deville, Louisiana.

2.     Plaintiffs are the joint owners of the residential real property commonly known as 244 Stock Landing Rd., Deville, LA [71328] (hereinafter "Subject Property"), according to county records.

3.     OCWEN LOAN SERVICING, LLC.,s are OCWEN LOAN SERVICING, LLC., (hereinafter "OCWEN") who at all times material to this Complaint, were and have been doing business in the State of Florida, and regularly continue to engage in business in Parish of Rapides.

4.     Plaintiffs are informed and believe, and thereon alleges that OCWEN LOAN SERVICING, LLC.,, is a foreign limited liability company organized under the laws of the State Delaware with its principal office in the State of Florida and at all relevant times. At all times material to this Complaint, OCWEN LOAN SERVICING, LLC., was doing business in the State of Louisiana, and regularly continues to engage in business in Rapides Parish, Louisiana.

5.     OCWEN LOAN SERVICING, LLC., DOES 1-100 are sued by their fictitious names. Their true names and capacities are unknown to Plaintiffs.

6.     Plaintiffs believe that each fictitiously named OCWEN LOAN SERVICING, LLC.,s DOE 1-100 is a person or entity who participated in, assisted, advised, was retained by, or counseled by one of the other OCWEN LOAN SERVICING, LLC.,s herein in connection with the acts alleged herein of which Plaintiffs  complains. Said fictitiously named OCWEN LOAN SERVICING, LLC.,s were agents, servants, employees, alter egos, superiors, successors in interest, joint ventures and/or co-conspirators of each of their OCWEN LOAN SERVICING, LLC., and in doing the things herein after mentioned, or acting within the course and scope of their authority of such agents, servants employees, alter egos, superiors, successors in interest, joint ventures and/or co-conspirators with the permission and consent of their co-OCWEN LOAN SERVICING, LLC.,s, and consequently, each OCWEN LOAN SERVICING, LLC.,

named herein, and those OCWEN LOAN SERVICING, LLC.,s named herein as DOES 1 through 100, inclusive, are jointly and severally liable to Plaintiffs for the damages and harm sustained as a result of their wrongful conduct.

7.     Plaintiffs herein names as OCWEN LOAN SERVICING, LLC., DOES 1-100 in this action all unknown persons claiming: a) any legal or equitable right, title, estate, lien, or interest in the Subject Property described in the complaint adverse to Plaintiffs title; or b) any cloud on Plaintiffs title to the Subject Property. The claims of each unknown OCWEN LOAN SERVICING, LLC., and fictitiously named OCWEN LOAN SERVICING, LLC., are without any right, and these OCWEN LOAN SERVICING, LLC., have no right, title, estate, lien, or interest in the Subject Property. Plaintiffs seek by way of this complaint to extinguish and eliminate each and every claim of right by fictitiously named DOES 1-100.

## II.  JURISDICTION AND VENUE

8.     According to the Plaintiffs understanding any counsel and judge of the court have taken a sworn oaths, and are required to abide by those oaths, and know that the only Court that is able to hear matters of the "People" like Plaintiffs would be one which conforms, and complies to Article 3, Section 2 of the Constitution" so when case is assigned it will be assigned in accordance to these requirements making that court proper venue.  Subject-matter jurisdiction for this Court exists: pursuant to 28 U.S.C. Section 1331, because this is an action brought by a consumer for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA") (any reference to the FDCPA or any party thereof encompasses all relevant parts and subparts thereto) 15 U.S.C. § 1692 et seq, and the Fair Credit Reporting Act (hereinafter "FCRA") (any reference to the FCRPA or any party thereof encompasses all relevant parts and subparts thereto) 15 U.S.C § 1681 et seq.

9.      This Court has personal jurisdiction over OCWEN LOAN SERVICING, LLC., because they specifically engaged in conduct injurious to Plaintiffs who was located in the city of Deville, Louisiana, and OCWEN LOAN SERVICING, LLC., did this with the full knowledge that Plaintiffs were and are in the state and city of Deville, Louisiana and that their actions would have an effect in the city and state, and that their actions would cause injury to Plaintiffs in the state of Louisiana.

10.      Plaintiffs are residents of Rapids Parish, Louisiana. Plaintiff's home, which is the subject of this litigation, is in Deville, Louisiana, and OCWEN LOAN SERVICING, LLC.,s regularly conduct business in this district. Each OCWEN LOAN SERVICING, LLC., is, upon information and belief, operates in Louisiana and routinely does business in city of Deville, Louisiana.

### III. INTRODUCTION

11.      Plaintiffs are proceeding, pro se in this case. Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer. *See, Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

(a)      In *Picking*, the Plaintiffs civil rights were 150 pages long and described by a Federal Judge as "inept." The Court held that where a Plaintiff pleads pro-se in a suit for protection of civil rights, the court should endeavor to construe Plaintiffs pleading without regard to technicalities. *Picking v. Pennsylvania Railway*, (151 F2d. 240) (N.J. is in 3r Cir.), Third Circuit Court of Appeals.

(b)      In *Walter Process Equipment v. Food Machinery*, 382 U.S. 172 (1965) it was held that in a "motion to dismiss, the material allegations of the complaint are taken as admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears

the Plaintiffs can prove no set of facts in support of his claim which would entitle him to relief. (*See, Conley vs. Gibson*, 355 U.S. 41 (1957).

12.     Plaintiffs in this action are victims of unlawful acts perpetrated by OCWEN LOAN SERVICING, LLC., in efforts to unlawfully foreclose on Plaintiffs property. In doing so, OCWEN LOAN SERVICING, LLC., have made numerous violation of the FDCPA, FCRA, Fair Debt Collection Practices Act, and the Credit Reporting Agency Act ("CCRAA").

## IV.  DEFINITIONS

13.     Under the FDCPA 15 U.S.C. § 1692a(4)  the term "**creditor**" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

14.     Under the FDCPA 15 U.S.C. § 1692a(5)  the term "**debt**" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15.     Under the FDCPA 15 U.S.C. § 1692a(6) the term "**debt collector**" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another

16.     Under the FDCPA 15 U.S.C. § 1692e - A **debt collector** may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

17.     Under the FDCPA 15 U.S.C. § 1692f - A **debt collector** may not use unfair or unconscionable means to collect or attempt to collect any debt.

18.     Under the FDCPA 15 U.S.C. § 1692i - (a) Any **debt collector** who brings any legal action on a debt against any consumer shall -- (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located.

### V.   FACTUAL BACKGROUND

19.     On December 10, 2002, obtained a mortgage form AMERIQUEST MORTGAG COMPANY.

20.     On or about September 3, 2004, Plaintiffs received notification of transfer of mortgage to Litton Loan Servicing, and began making payments to them.

21.     Plaintiff's became delinquent on their loan on or around November '2006.

22.     On or about February '2007 Litton accelerated the mortgage, and began foreclosure proceeding.

23.     On or about September 2007, in an effort to save their home Plaintiff's filed bankruptcy.

24.     Bankruptcy was confirmed in November '2007.

25.     On November 1, 2011, received dunning letter from OCWEN LOAN SERVING, LLC.,  stating mortgage had been transferred to them. At the time this notice was received the Plaintiffs were in default. Plaintiffs have come to the understanding and belief, according to the FDCPA 15 U.S.C. § 1692a(4), and  FDCPA 15 U.S.C. § 1692a(6), that  OCWEN LOAN SERVICING, LLC.,s here are attempting to collect a debt which was obtained in default solely

for the purpose of collecting on the alleged debt, which thereby made the OCWEN LOAN

SERVICING, LLC.,s "debt collectors" as the term is defined above according to the FDCPA.

26.     As a "**debt collector**" the OCWEN LOAN SERVICING, LLC., has violated

numerous FDCPA statues, and their violation has caused great harm to the Plaintiffs. What this

Court needs to understand is that OCWEN LOAN SERVICING, LLC., are debt collector and not

a creditor. Thereby, OCWEN LOAN SERVICING, LLC., are not a creditor and must adhere to

debt collector laws and regulations.

27.     Here, OCWEN LOAN SERVICING, LLC., have never provided any type of

admissible evidence and have failed to validate the alleged debt. This complaint is not merely

about the existence of an alleged debt, or even whether OCWEN LOAN SERVICING, LLC.,

have a right to collect. This complaint is about OCWEN LOAN SERVICING, LLC.,

misrepresentation, and egregious actions, while attempting to collect on the alleged debt that has

not yet been proven, and their failure to abide by the laws that mandate them while doing so.

28.     Sometime during this process, there was an unauthenticated, uncertified

assignment supposedly from AMERIQUEST MORTGAGE COMPANY, TO DEUTSHCE

BANK NATIONAL TRUST COMPANY, this document has not been completed filled out, and

it doesn't even have the date on which it was notarized. Furthermore, the notary seal is not

legible.  Due to the deficiencies of this document, and the fact that AMERIQUEST

MORTGAGE COMPANY, is no longer in business, it would be impossible to obtain the proper

documents to authenticate proper assignment. For these reasons Plaintiff denies the specific form

as any sort of evidence, and request that it not be allowed. (**Exhibit A**)

## VI.  GENERAL ALLEGATIONS

Plaintiffs are informed and believes and therefore alleges that:

29.     This alleged debt was acquired by OCWEN LOAN SERVICING, LLC.,s after it was in default, according to FDCPA 15 USC 1692a(6), if a debt is acquired while in default the entity that acquires it is considered to be a "debt collector." It is not relevant whether the debt was acquire through acquisition, assignment, or as successor in interest, as the statute makes no exception regarding the method of acquisition of the debt, only that if the debt when acquire was in default and the entity that acquired it merely for collecting the debt than that entity is deemed a "Debt Collector" under the statute. So therefore it would not matter if the alleged debt was acquired by or through a successor in interest, even if they were able to provide a copy of the purchase assumption agreement which specifically lists the alleged debt, including but not limited to the account number, amount owing on the alleged debt at the time of purchase, and the amount which was paid for alleged debt.

30.     Here, OCWEN LOAN SERVICING, LLC.,s are stating that there is non-payment of the alleged debt by Plaintiffs yet they have not provided any acceptable documentation that evidences payment to the original lender was ever recorded as delinquent. If the alleged debt was in default then that would mean that OCWEN LOAN SERVICING, LLC.,s are in violation of the FDCPA and if the alleged debt was not in default then OCWEN LOAN SERVICING, LLC., would still be in violation of the FDCPA due to the misrepresentation, false and wrong collection.

31.     OCWEN LOAN SERVICING, LLC., are engaged in the collection of debts from consumers using the mail and telephone.  OCWEN LOAN SERVICING, LLC., regularly attempts to collect debts alleged to be due to another. Under the FDCPA 15 U.S.C. § 1692 the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. OCWEN LOAN SERVICING, LLC., here are debt collector under the FDCPA. OCWEN LOAN SERVICING, LLC., are NOT a creditor or a lender. There is no evidence presented that even comes close to proving that OCWEN LOAN SERVICING, LLC., is a lender or a creditor. So, to say that the FDCPA does not apply because OCWEN LOAN SERVICING, LLC., are lenders or creditors would be to apply the law incorrectly and grossly harm the Plaintiffs.

32.     Here, OCWEN LOAN SERVICING, LLC., admits to being loan servicers. Even OCWEN LOAN SERVICING, LLC., attorney who is also a debt collector admits that OCWEN LOAN SERVICING, LLC., is a loan servicer, which  according to the FDCPA where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "debt collector" and becomes obligated to comply with the FDCPA in all respects.  See *Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining 'that a loan servicer...is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default').  See also *Alibrandri v. Fin. Outsourcing Servs.*, Inc., 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provide was, in fact, a debt collector).

33.     Federal courts have held that Wells' Fargo Bank, N.A. (WFB) must comply with the FDCPA. A Federal District Court within the Ninth Circuit Court of Appeals (whose jurisdiction includes federal courts in Louisiana) has held that Wells Fargo Bank, N.A. may be a

debt collector required to comply with the FDCPA. *Williams v. Wells Fargo Bank, N.A., Et al.*, 2012 U.S. Dist. LEXIS 2871 (W.D. WA, January 12, 2012).

34.     In *Williams*, the consumers alleged Wells Fargo was in violation of Federal debt collection laws by failing to provide verification of the alleged debt. 15 U.S.C. § 1692, et seq. In their motion to have the lawsuit thrown out, Wells Fargo did not claim that the bank had provided verification of the debt to the consumers. Instead, the bank asserted two reasons the case should be dismissed. First, WFB argued it was not a debt collector under the FDCPA. The bank argued that the FDCPA only applies to "parties collecting the debt of another," 15 U.S.C. § 1692(a)(6), and that "creditors, mortgagors and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the [FDCPA]." Id. (citing *Caballero v. OCWEN LOAN SERVICING, LLC., Loan Servicing*, 2009 U.S. Dist. LEXIS 45213, 2009 WL 1528128, at *1 (N.D. Cal. 2009) and *Glover v. Fremont Inv. and Loan*, 2009 U.S. Dist. LEXIS 117890, 2009 WL 6114001, at *8 (N.D. Cal. 2009)). Simply put, Wells Fargo argued that because it was collecting its own debts it was exempt from FDCPA liability. Second, Wells Fargo claimed that the FDCPA does not apply in a non-judicial foreclosure proceeding. Basically, the bank argued that when there is a typical foreclosure on a deed of trust, (where there is no lawsuit filed by the bank), the bank is not attempting to collect money, and thus they are not really attempting to collect a debt.

35.     The Federal court disagreed with Wells Fargo on both grounds. The court reasoned that the term "debt collector" applies to those who acquired the debt when it was already in default. See *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). The Court noted that Wells Fargo admitted the debt had already been in default for one year when the deed of trust was assigned to Wells Fargo, and thus Wells Fargo met the definition of a

debt collector under the FDCPA. Next, the Court ruled on the issue of whether foreclosing on property could be considered an attempt to collect a debt, and it stated: "Although the Court is aware of district court cases that have held that the act of foreclosing on property is not "debt collection" under the FDCPA, this Court has not adopted such a per se holding and it will not do so here. See *Albers v. Bank of America Mortg. LLC*, 2011 U.S. Dist. LEXIS 182, 2011 WL 43584, at *2 (E.D.Wash. Jan. 3, 2011) (citing cases). Nothing in the statute compels the Court to create an exception to the definition of "debt collector," as Wells Fargo proposes, where a party is non-judicially enforcing on a security instrument rather than pursuing debt collection through more traditional means. To the contrary, **courts have reasoned that as long as a OCWEN LOAN SERVICING, LLC., meets the statutory definition of debt collector, "they can be covered by all sections of the Act . . .regardless of whether they also enforce security interests**." *Wilson v. Draper & Goldberg, P.L.L.C.,* 443 F.3d 373, 378 (4th Cir. 2006) (referring to § 1692f(6) as an inclusive provision); see also *Kaltenbach v. Richards*, 464 F.3d 524, 528-29 (5th Cir. 2005) (noting that "the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6) general definition of debt collector"). Here, the Court should note that the alleged debt claimed by OCWEN LOAN SERVICING, LLC., was in default when the deed of trust was assigned, and thus OCWEN LOAN SERVICING, LLC., meets the definition of a debt collector under the FDCPA. OCWEN LOAN SERVICING, LLC., is not a creditor or a lender.

36.     In addition, where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "debt collector" and becomes obligated to comply with the FDCPA in all respects.  *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining

'that a loan servicer . . . is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default'). *See also Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provider was, in fact, a debt collector).

37.     Furthermore, Plaintiffs s are a "consumer" as that term is defined in 15 USC§1692a(3), 15 USC§1681, and CA Code 1788.2(c), since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal family purposes.

38.     Plaintiffs do not have a contract with OCWEN LOAN SERVICING, LLC.

39.     To the best of Plaintiffs knowledge and belief, OCWEN LOAN SERVICING, LLC., have used the mails of the United States to attempt to collect from Plaintiffs  an alleged debt purportedly previously owed to an "original creditor," other than OCWEN LOAN SERVICING, LLC., which has purportedly been "charged off."

40.     OCWEN LOAN SERVICING, LLC., have violated FDCPA, 15 U.S.C. §1692e, because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Said false, deceptive and misleading representations were and have been made and are being made to credit reporting bureaus and others as more specifically set out hereafter. Some or all of said false, deceptive and misleading representations were knowingly and intentionally made by OCWEN LOAN SERVICING, LLC.

41.     OCWEN LOAN SERVICING, LLC.,s have violated the FDCPA, 15 U.S.C. §1692d because it has engaged in conduct of which the natural consequence of which is to harass, oppress, or abuse Plaintiffs  in connection with the alleged attempt to collect on this debt and foreclosure of Plaintiffs  property. OCWEN LOAN SERVICING, LLC. knowingly and

intentionally engaged in harassing, oppressive, and/or abusive conduct toward Plaintiffs. OCWEN LOAN SERVICING, LLC., knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse the Plaintiffs.

42.     OCWEN LOAN SERVICING, LLC., violated the FDCPA, and is liable to Plaintiffs for statutory, actual, and punitive damages thereon, attorneys' fees, and costs. Said violations include, but are not limited to violations of 15 U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

43.     OCWEN LOAN SERVICING, LLC., have knowingly, intentionally, deliberately, and fraudulently misrepresented, and/ or mislead what Plaintiffs legal status, character, and/or amount of the debt was in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.15 §1692e(10).

45.     OCWEN LOAN SERVICING, LLC., have not verified or produced: any accounting or financial records, including the above records, necessary to prove the breakdown of the purported "total" amount alleged to be owed, with respect to its components, such as principal, interest, late fees, over limit fees, etc. or their current license in the state of Louisiana to act as a debt collector.

46.     OCWEN LOAN SERVICING, LLC., is also a debt collector and who has admitted to being on through his correspondence dated June 27, 2014.  In that correspondence letter Connors misrepresents and harasses Plaintiffs and attempts to intimidate them into paying for an alleged debt in which he does not know who OCWEN LOAN SERVICING, LLC.,s are, nor has he taken the time to do his due diligence to find out whether or not the alleged debt is real.

## VI.  FIRST CLAIM FOR RELIEF

**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692**

*ET SEQ.*

47.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

48.     Plaintiffs are a "consumer" as defined by 15 U.S.C. § 1692a(3)

49.     OCWEN LOAN SERVICING, LLC., have violated the FDCPA in connection with attempts to collect against an account against Plaintiffs. OCWEN LOAN SERVICING, LLC.,s violations include, but are not limited to, 15 U.S.C. § 1692d, 1692e, 1692e(2)(A), 1695e(5), 1692e(8), 1692e(10),1692g 1692i.

50.     OCWEN LOAN SERVICING, LLC., have violated FDCPA 15 U.S.C § 1692j, as Plaintiffs believed they were acting on behalf of the actual creditor, however, in reality they were engaging in conduct of which the natural consequence was to harass, oppress, or abuse Plaintiffs in connection with the collection of a debt; and they also used false, deceptive, or misleading representations or means in connection with the collection of a debt; supported by the unauthenticated assignment; and. thus violated the FDCPA.

51.     As of the date of this filing OCWEN LOAN SERVICING, LLC., have failed to validate the alleged debt, which is a violation of FDCPA 15 U.S.C. 1692g, in spite of the fact that they have placed a negative entry on both of the consumers' credit report.

52.     Non-judicial foreclosure by a "Debt Collector, attempting to seize property violates FDCPA 15 USC § 1692i.

53.     Failure to Validate alleged debt as required by 15 USC 1692g

54.     Plaintiffs allege that OCWEN LOAN SERVICING, LLC., routinely ignored, and violated FDCPA to enhance their own profits, starting on or around November 2011, until the present.

55.     OCWEN LOAN SERVICING, LLC., sent an assortment of correspondence to Plaintiffs which state that this is an attempt to collect a debt, which clearly states that their communication is from a debt collector, in an attempt to collect a debt. However, their actions are that of a creditor. Plaintiffs are very confused by who they are especially, because they have no records of ever signing any sort of contract with them, and they have failed to clearly identify themselves as requested on many occasions.

56.     OCWEN LOAN SERVICING, LLC., conduct was negligent, willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Plaintiffs  that are not authorized by any agreement or permitted by law, in violation of 1692 f (1).

57.     OCWEN LOAN SERVICING, LLC., conduct was negligent or willful or both, rendering it liable for failing to cease collection of an alleged debt, and not providing proper validation of the alleged debt to Plaintiffs , 1692 g (b).

58.     As a result of the foregoing violations, OCWEN LOAN SERVICING, LLC., are liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiffs , pursuant to 15 U.S.C. §1692(k) a 1.

59.     As a result of the foregoing violations, OCWEN LOAN SERVICING, LLC., are liable for actual damages ,including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Plaintiffs, pursuant to 15 U.S.C. § 1692(k) a 2 a.

60.     As a result of the foregoing violations, OCWEN LOAN SERVICING, LLC., is liable for costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k) a 3.

61.     As a result of the foregoing violations, OCWEN LOAN SERVICING, LLC., should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

62.     An actual controversy has arisen and now exists between Plaintiffs and OCWEN LOAN SERVICING, LLC., concerning their respective rights and duties under the FDCPA. A judicial declaration pursuant to Code of Civ. Procedure 1060 that OCWEN LOAN SERVICING, LLC., actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

63.     Based on the allegations above and further set forth herein, OCWEN LOAN SERVICING, LLC., violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse OCWEN LOAN SERVICING, LLC., by, without limitation; Continuing to pursue collection of disputed and unverified debt; foreclosing on Plaintiffs 's property and selling it; forcing OCWEN LOAN SERVICING, LLC., to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

64.     Upon information and belief, OCWEN LOAN SERVICING, LLC., have communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiffs. Information, which OCWEN LOAN SERVICING, LLC., knew or should have known to be false - including without limitation allegations that Plaintiffs owed the purported debt which is the subject of this action, and/or that Plaintiffs owe said debt to OCWEN LOAN SERVICING, LLC.,s and/or that OCWEN LOAN SERVICING, LLC., are the original creditor of said alleged debt.

65.     Upon information and belief, OCWEN LOAN SERVICING, LLC., are in violation of 15 U.S.C. §1692e(8), because OCWEN LOAN SERVICING, LLC., failed to communicate to Plaintiffs, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiffs  had disputed the alleged debt.

66.     An actual controversy has arisen and now exists between Plaintiffs and OCWEN LOAN SERVICING, LLC.,s concerning their respective rights and duties under the FDCPA. A judicial declaration pursuant to Code of Civ. Procedure 1060 that OCWEN LOAN SERVICING, LLC., actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

67.     Based on the allegations above and further set forth herein, OCWEN LOAN SERVICING, LLC., violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse OCWEN LOAN SERVICING, LLC., by, without limitation; Continuing to pursue collection of disputed and unverified debt; foreclosing on Plaintiffs property and selling it; forcing Plaintiffs to defend against an invalid action, and further, and in addition thereto, OCWEN LOAN SERVICING, LLC., knew or should have known that it has engaged in such conduct, and the said consequences thereof.

68.     Upon information and belief, OCWEN LOAN SERVICING, LLC., have communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiffs, which it knew or should have known to be false - including without limitation allegations that Plaintiffs owed the purported debt which is the subject of this action, and/or that Plaintiffs owes said debt to OCWEN LOAN SERVICING, LLC., and/or that OCWEN LOAN SERVICING, LLC., are the original creditor of said alleged debt.

69.     Upon information and belief, OCWEN LOAN SERVICING, LLC., are in violation of 15 U.S.C. §1692e(8), because OCWEN LOAN SERVICING, LLC., failed to communicate to Plaintiffs, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiffs had disputed the alleged debt.

70.     Under the FDCPA 15 U.S.C. § 1692f - A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt; (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest. In *Armacost v. HSBC Bank USA*, No. 10-CV0274-EJL-LMb, 2011 WL 825151 (D. Idaho Feb. 9, 2011) the Plaintiffs generally alleged violations of 15 U.S.C. § 1692f and argued that OCWEN LOAN SERVICING, LLC.,s did not have standing to foreclose on the deed of trust. OCWEN LOAN SERVICING, LLC.,s here also do not have standing to foreclose. The court first noted that the definition of "debt collection" found in 15 U.S.C. § 1692a(6) included the following sentence: "For the purpose of section 1692f(6) of this title, [a debt collector] also includes the principal purpose of which is the enforcement of security interests." *Id*. It then explained that 15 U.S.C. § 1692f(6) prohibits a debt collector from "taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." Id. at n.5 (quoting 15 U.S.C. §1692f(6). The case stated, "if 'debt collection' generally included the enforcement of a security interest, the language specifying so for the purposes of §1692f(6) would be surplusage, and such a construction would violate a 'long standing canon of statutory construction that terms in a statute should not be construed so as to render any provision of that statute meaningless or superfluous." *Id*. (quoting *Beck v. Prupis*, 529 U.S. 494,

506 (2000)) (footnote omitted). The court thus concluded that while "a non-judicial foreclosure action generally does not constitute a 'debt collection activity' under the FDCPA," an exception to this rule existed for claims under 15 U.S.C. § 1692f(6) *Id.*

71.     By falsely representing that OCWEN LOAN SERVICING, LLC.,s are either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between OCWEN LOAN SERVICING, LLC.,s and the original creditor of any alleged debt by any alleged original creditor to OCWEN LOAN SERVICING, LLC.,s, and/or that OCWEN LOAN SERVICING, LLC.,s are the original creditor, OCWEN LOAN SERVICING, LLC.,s have made material, false and misleading representations, and have further communicated to Plaintiffs and other persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false and misleading representation and impression that OCWEN LOAN SERVICING, LLC.,s are the original creditor of said debt, and other material false and misleading representations, and has violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(8), §1692e(2)(A), § 1692e(5), § 1692e(10) and § 1692f. OCWEN LOAN SERVICING, LLC.,s either knew or should have known all of the above.

72.     By reporting that Plaintiffs  had an account, and with OCWEN LOAN SERVICING, LLC.,s reporting this to credit bureaus this was misleading information regarding the nature and/or status of said alleged debt with respect to such matters as the identity of the original creditor, the relevant dates and ages of said alleged debt, and other matters which OCWEN LOAN SERVICING, LLC.,s knew or should have known would mislead, OCWEN LOAN SERVICING, LLC.,s has violated 15 U.S.C. §1692e(2)(A), 1692e(8), 1692e(10) and 1692k(a)(3).

73.     The FDCPA, §1692k, provides for actual damages, statutory damages up to one-thousand dollars ($1,000.00) per violation, costs of the action, and reasonable attorneys' fees. OCWEN LOAN SERVICING, LLC.,s have suffered actual damages as the proximate and actual cause and result of the violations of the FDCPA by OCWEN LOAN SERVICING, LLC.,s to be determined at trial. OCWEN LOAN SERVICING, LLC.,s is liable to Plaintiffs for statutory damages as prescribed by § 1692k(a)(2)(A), actual damages pursuant to § 1692k(a)(1) in an amount to be determined at time of trial, and reasonable attorneys' fees and costs pursuant to §1692k(a)(3).

74.     It seems that the reference number that OCWEN LOAN SERVICING, LLC., instructs Plaintiffs to use when making payments is different from that which was provided by the original lender AMERIQUEST MORTGAGE COMPANY, if OCWEN LOAN SERVICING, LLC., is the servicer of the loan and is acting on behalf of the original lender OCWEN LOAN SERVICING, LLC., as the servicer as stated in OCWEN LOAN SERVICING, LLC., assignment letter why would OCWEN LOAN SERVICING, LLC.,s change the number to which Plaintiffs payments was applied. This leads Plaintiffs to believe the payments will be misapplied, incorrect credit would be issued, and which make Plaintiffs  vulnerable to future collections by the original debt as these payments will not be properly applied.

75.     Courts will carefully scrutinize non-judicial foreclosures and set them aside if the borrower's rights have been violated. *Stirton v. Pastor* (1960) 2 Cal. Rptr. 135, 177 Cal. App. 2d 232.

76.     Plaintiffs hereby pray for actual damages under the FDCPA and for statutory damages as set forth above for each and every violation of the FDCPA proven at the trial of this case, and reasonable attorneys' fees and costs thereunder.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Scienti et volenti non fit injuria-**

"An injury is not done to one who knows and wills it.

The laws in this country do not provide a remedy for a collection company or debt collectors that knowingly and voluntarily take on bad debt and then go after the alleged debtor in an attempt to collect that alleged debt. What the law says is that an entity cannot place itself in harm's way and then sue for damages.  **SCIENTI ET VOLENTI NON FIT INJURIA.**

Although the OCWEN LOAN SERVICING, LLC., is not trying to sue, they are trying to improperly initiate foreclosure without proper process and if they were to follow the process which is required by debt collectors under 15 USC 1692i their only recourse would be in the court, and it would be prohibited.  The law clearly states that a "Debt Collector" must only has a right to a judicial foreclosure. The OCWEN LOAN SERVICING, LLC., is trying to avoid be held responsible to any laws by requesting a motion to dismiss

See supra to Plaintiffs FDCPA Does Not Fail.

## VII.  SECOND CLAIM FOR RELIEF

### FAIR CREDIT REPORTING ACT

77.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

78.     OCWEN LOAN SERVICING, LLC., by their own admission are "debt collectors" pursuant to 15 USC§1692a(6), and 15 USC§1681n. Plaintiffs are "consumers" as that term is defined in 15 USC§1692a(3), and 15 USC§1681. OCWEN LOAN SERVICING, LLC., are not a creditor as they have mislead the consumer in believing, by sending confusing and conflicting documents making it difficult if not impossible for a consumer to clearly identify what their true identity is.  According to 15 USC 1692a(6) and by their own admission are debt

collectors, however, their conduct would lead one to believe that they might possibly be the actual creditor. Plaintiffs have not applied for, neither have they received any services, insurance, employment or credit with OCWEN LOAN SERVICING, LLC.,. Additionally, OCWEN LOAN SERVICING, LLC., obtained Plaintiffs consumer credit report and made an inquiry on his report. OCWEN LOAN SERVICING, LLC., obtained the credit report by misrepresenting to the credit bureaus that they had a right to run Plaintiffs credit. Therefore, OCWEN LOAN SERVICING, LLC., intrusion into counter Plaintiffs personal credit file constitutes a willful and negligent violation of 15 USC§ 1681q, which is a criminal offense (felony) punishable under Title 18§USC, the penalty being a fine and or two years imprisonment.

79.     Under the FCRA, 15 U.S.C. § 1681, et seq., consumer agencies are authorized to furnish consumer reports only for certain "permissible purposes." If the credit transaction is not initiated by the consumer, the consumer agency is further restricted, and may issue a credit report only if, among other things, "the transaction of a firm offer of credit..." See 15 U.S.C. § 1681b(c)(1)(B)(i). Plaintiffs assert that OCWEN LOAN SERVICING, LLC., violated §1681b(c) by obtaining credit information without a "permissible purpose." As stated above OCWEN LOAN SERVICING, LLC.,s obtained Plaintiffs personal credit file, made inquiries and negative entries on his credit report without permission and without a permissible purpose; there was absolutely no reason for OCWEN LOAN SERVICING, LLC.,s to obtain Plaintiffs credit report. Thus, OCWEN LOAN SERVICING, LLC., are in violation of the FCRA.

80.     Plaintiffs believe OCWEN LOAN SERVICING, LLC., have misrepresented the status of the account with the original lender AMERIQUEST MORTGAGE COMPANY. According to Plaintiffs credit report the account with the original lender has been paid or is being

paid as agreed, which leads Plaintiffs to question OCWEN LOAN SERVICING, LLC., attempt to validate the alleged debt they claim to be owed to them by Plaintiffs.

81.    As a result of OCWEN LOAN SERVICING, LLC., knowingly and willfully request and receipt of information on the Plaintiffs from consumer reporting agencies under false pretenses, OCWEN LOAN SERVICING, LLC., an unknown person is liable to the Plaintiffs under the FCRA.

82.    Pursuant to 15 U.S.C. § 1681q and 15 U.S.C. § 1681n any person who knowingly and willingly obtain information on a consumer from a consumer reporting agency under false pretenses is liable to that consumer in an amount equal to the sum of (i) any actual damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow: and (iii) in the costs of this action together with reasonable attorneys' fees.

83.    As a result of Unknown Persons' request and receipt of consumer report under false pretenses or knowingly without a permissible purpose. Unknown Persons are liable to the Plaintiffs in an amount equal to the sum of (i) any actual damages sustained by Plaintiffs  as a result of the failure or $1,000.00, whichever is greater, (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

84.    As the principle of its agents, OCWEN LOAN SERVICING, LLC., is unknown to the Plaintiffs and is liable to Plaintiffs for any and all damages suffered by Plaintiffs  as a result of the unlawful acts of unknown persons.

85.    As a result of OCWEN LOAN SERVICING, LLC., negligent failure to comply with the FCRA, OCWEN LOAN SERVICING, LLC., are liable to the Plaintiffs in an amount

equal to the sum of (i) any actual damages sustained by Plaintiffs as a result of said failure and (ii) the cost of the action together with reasonable attorney's fees.

## VIII.  THIRD CLAIM FOR RELIEF

### NEGLIGENCE

86.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

87.     At all times herein, OCWEN LOAN SERVICING, LLC., had a duty to exercise reasonable care and skill to maintain proper and accurate records, but not limited, foreclosing on Plaintiffs property and selling it when it did not have the legal authority and/or proper documentation to do so.

88.     Also, in failing to conduct a reasonable investigation and correction of false information in response to Plaintiffs credit reporting dispute. OCWEN LOAN SERVICING, LLC., negligently failed to comply with the requirements of the FCRA.

89.     As a result of OCWEN LOAN SERVICING, LLC., failure to comply with the requirements of the FCRA, Plaintiffs have suffered, and continue to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damages to reputation, emotional distress, and interference with Plaintiffs normal and usual activism for which Plaintiffs seek damages in an amount to be determined by the jury.

90.     As a direct and proximate result of the negligence and carelessness of OCWEN LOAN SERVICING, LLC., as set forth above, Plaintiffs, suffered, and continues to suffer, general and special damages in an amount to be determined at trial.

## IX.  FOURTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

91.     Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

92.     OCWEN LOAN SERVICING, LLC., acts and/or omissions were done intentionally and/or with gross indifference to Plaintiffs rights.

93.     Plaintiffs emotional distress includes, but is not limited to, extreme humiliation, anxiety and a loss of sleep. As a result of the OCWEN LOAN SERVICING, LLC., conduct, Plaintiffs have suffered compensatory, general, and special damages in an amount according to proof. Additionally, OCWEN LOAN SERVICING, LLC., acted with malice, fraud and/or oppression, by attempting to take Plaintiffs property through foreclosure when they have no legal right to do so, and thus, Plaintiffs s are entitled to an award of punitive damages.

## X.  FIFTH CAUSE OF ACTION

### DECLARATORY JUDGMENT/QUIET TITLE

94.     Plaintiffs incorporate by reference as through fully set forth herein, each and every allegation above set forth in this complaint.

95.     In Louisiana, an action to quiet title to real property is an equitable proceeding in which a party seeks to settle a dispute over ownership of property or to remove a cloud upon the title to the property. Here, Plaintiffs do not dispute that he has failed to make payments on his mortgages since April 2009, however, an actual controversy has arisen and now exists between Plaintiffs and OCWEN LOAN SERVICING, LLC., concerning their respective rights and duties to the Subject Property in that Plaintiffs contend that OCWEN LOAN SERVICING, LLC., has no right to the Subject Property. OCWEN LOAN SERVICING, LLC., are attempting to foreclose on a property they have no right to foreclose on and has not shown any evidence that is adequate to prove they do.

96.     Plaintiffs   seek   a   judicial   determination   of   whether   OCWEN   LOAN SERVICING, LLC, has any interest in the Subject Property to encumber, sell, lease, or otherwise dispose of the Subject Property through any means. As well as a determination of the Defendant's ("OCWEN'S") status as to being a "DEBT COLLECTOR".

97.     Plaintiffs s are seeking to quiet title against OCWEN LOAN SERVICING, LLC.,s as follows: the claims of OCWEN LOAN SERVICING, LLC., regarding the Subject Property is without any right since OCWEN LOAN SERVICING, LLC., are debt collectors and as such OCWEN LOAN SERVICING, LLC., have no right, title, estate, lien, or interest whatever in the Subject Property or any part thereof.

98.     Plaintiffs, here, are the sole owner in fee simple of the Subject Property.

99.     Plaintiffs seek to quiet title as of the date this complaint is filed with the court.

100.     The Subject Property should be restored to Plaintiffs its rightful owner.

101.     Plaintiffs, here, seek to quiet title against OCWEN LOAN SERVICING, LLC.,. OCWEN LOAN SERVICING, LLC., have no right, title, or interest whatsoever in the Subject Property.

102.     This Court should declare and decree and enter an Order of Declaratory Relief that Plaintiffs s are the rightful owner of the Property and quiet title in the name of Plaintiffs .

103.     It has been necessary for Plaintiffs to retain the services of attorneys to prosecute this action and therefore Plaintiffs s are entitled to recover reasonable attorney's fees and costs incurred in accordance with the law, including, without limitation, as special damages.

## XI.  SIXTH CAUSE OF ACTION

### INJUNCTIVE RELIEF

104.    Plaintiffs incorporate by reference as through fully set forth herein, each and every allegation above set forth in this complaint.

105.    At all times herein relevant, OCWEN LOAN SERVICING, LLC., have wrongfully and unlawfully threatened:  Plaintiffs quiet enjoyment and use of its real property.

106.    OCWEN LOAN SERVICING, LLC., threatened conduct, unless and until enjoined and restrained by this Court will cause great and irreparable injury to Plaintiffs in that it Plaintiffs will be deprived of the quiet use and enjoyment of its real property.

107.    Not only will OCWEN LOAN SERVICING, LLC., threatened conduct cause great and irreparable harm to Plaintiffs  unless and until enjoined, that same threatened conduct will cause great and irreparable harm to Plaintiffs family.

108.    Plaintiffs have no adequate remedy at law for the injuries that will result from the threatened conduct of OCWEN LOAN SERVICING, LLC., in that it will be impossible for Plaintiffs to calculate the precise amount of damages it will suffer if OCWEN LOAN SERVICING, LLC., conduct is not enjoined and restrained.

109.    In this case, the irreparable harm that the Plaintiffs will suffer is obvious and enormous. OCWEN LOAN SERVICING, LLC., will lose his real property and will be evicted from his home, OCWEN LOAN SERVICING, LLC., will incur the costs and emotional distress of losing his property and repairing his further damaged credit history. Undeniably, the Plaintiffs will suffer severe damages.

## XII.  FIFTH CLAIM FOR RELIEF

### QUASI-CONTRACT

110.    Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set forth herein.

111.    OCWEN LOAN SERVICING, LLC., knowingly accepted the payments and retained them for its own use knowing that DEUTSCHE BANK NATIONAL TRUST COMPANY was not a beneficiary under Plaintiff's Note on the date that its assets were transferred to OCWEN LOAN SERVICING, LLC., and therefore OCWEN LOAN SERVICING, LLC., did not acquire any right from DEUTSCHE BANK NATIONAL TRUST COMPANY to accept or keep Plaintiff's payments. It would be inequitable for OCWEN LOAN SERVICING, LLC., to retain the payments it received from Plaintiff. The equitable remedy of restitution when unjust enrichment has occurred is an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his or her former position by return of the thing or its equivalent in money.

112.    In paragraph 22 of the Deed of Trust it states the following:  Acceleration; Remedies. **Lender** shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding [,] and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses

incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence. As there is no agreement/contract with OCWEN LOAN SERVICING, LLC.,, and they have not proven to be the Lender/Original Creditor according to the fore mentioned statement they would have no standing/authority to initiate any foreclosure proceedings.

113.    The Promissory Note also provided for the sending of a notice of default in paragraph 7(c) which provided:

**Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that that if I do not pay the overdue amount by a certain date the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice  is mailed to me. *E.g.,Disalvo v. SunTrust Mortgage, Inc.*, 38 Fla. L. Weekly D1355a (Fla. 2d DCA June 19, 2013), *Kurian v. Wells Fargo Bank, N.A.*, 38 Fla. L. Weekly D1226 (Fla. 4th DCA June 5, 2013); *Judy v. MSMC Venture, LLC*, 100 So.3d 1287   (Fla. 2d DCA  2012) [37 Fla. L. Weekly D2711a]; T*aylor v. Bayview Loan Servicing, LLC*, 74 So.3d 1115 (Fla. 2d DCA 2011) [36 Fla. L. Weekly D2448a]; *Valencia v.2 Deutsche Bank National Trust Co.*, 67 So.3d 325 (Fla. 4th DCA 2011) [36 Fla. L. Weekly D1337a]; *Laurencio v. Deutsche Bank National Trust Co.*, 65 So.3d 1190 (Fla. 2d DCA 2011) [36 Fla. L. Weekly D1600b]; *Goncharuk v. HSBC Mortgage Services, Inc.*, 62 So.3d 680 (Fla. 2d DCA 2011) [36 Fla. L. Weekly D1097b]; *Konsulian v. Busey Bank, NA.*, 61 So.3d 1283 (Fla. 2d DCA 2011) [36 Fla. L. Weekly D1164c]; *Sandoro v. HSBC Bank, USA National Association*, 55 So.3d 730 (Fla. 2d

DCA 2011) [36 Fla. L. Weekly D499b]; *Lazuran v. Citimortgage, Inc.*, 35 So.3d 189

(Fla. 4th DCA 2010) [35 Fla. L. Weekly D1292b]; *Frost v. Regions Bank*, 15 So.3d 905

(Fla. 4th DCA 2009)   [34 Fla. L. Weekly D1575b].

114.    The word "shall" in the mortgage expressly creates mandatory conditions

precedent which must be satisfied. *Konsulian*, 61 So.3d at 1285. In accordance with Florida Law

and judicial interpretations with regard to contractual interpretation, the language contained in

paragraph 22 of the mortgage is an express, mandatory condition precedent. See *Frost*, 15 So. 3d

at 905; *Lazuran*, 35 So. 3d at 189; *Konsulian*, 61 So.3d at 1284.

115.    The Deed of Trust states in Paragraph 23: "Upon payment of all sums secured

by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall

surrender this Security Instrument and all notes evidencing debt secured by this Security

Instrument to Trustee." The obligations under the Deed of Trust were fulfilled when

AMERIQUEST MORTGAGE COMPANY received the balance on the Note as proceeds of

sale through securitization to private investors. Furthermore Plaintiff's believe that all

payments to AMERIQUEST MORTGAGE COMPANY have been received, and the

DEFENDANTS, have not provided any certified, authenticated documentation which states

otherwise.

116.    Plaintiffs seek restitution for any payments they made to OCWEN LOAN

SERVICING, LLC., that were not paid to the lender or beneficiary, if any.

### XIII.  SIXTH CLAIM FOR RELIEF

### NO CONTRACT

117.    Plaintiffs incorporate the allegations in all preceding paragraphs as if fully set

forth herein.

118.   Plaintiffs are informed and believe that AMERIQUEST MORTGAGE COMPANY routinely approved predatory real estate loans to unqualified buyers in 2006 and 2007 and implemented unlawful lending practices by encouraging brokers and loan officers to falsify borrowers' income and assets to meet underwriting guidelines when borrowers were not qualified.

119.   Plaintiff followed AMERIQUEST MORTGAGE COMPANY instructions when he submitted a Uniform Residential Loan Application to AMERIQUEST MORTGAGE COMPANY that contained only their basic identifying information, such as name, address, phone number, social security number, and bank account number. AMERIQUEST MORTGAGE COMPANY employees filled-out the application.

120.   Plaintiff is informed and believes that AMERIQUEST MORTGAGE COMPANY pre-sold Plaintiff's mortgage. Immediately after he signed the Note, AMERIQUEST MORTGAGE COMPANY transferred all of its interest in the Note to an investment bank that bundled Plaintiff's Note with numerous other residential mortgages into residential mortgage-backed securities ("RMBS") which were structured into synthetic collateralized debt obligations ("CDO's") and sold to investor.

121.   Plaintiff is informed and believes that the investment bank intended to short the portfolio it helped to select by entering into credit default swaps to buy protection against the certain event that the promissory notes would default. AMERIQUEST MORTGAGE COMPANY expected that Plaintiff would not have the ability to repay the loan. It was not a matter of being unconcerned with the possible outcome that Plaintiff would default; AMERIQUEST MORTGAGE COMPANY expected that he would default.

122.   **OCWEN LOAN SERVICING**, the sponsor of the securitization transaction, was a wholly owned subsidiary of AMERIQUEST MORTGAGE COMPANY. Securitization of mortgage loans was an integral part of AMERIQUEST MORTGAGE COMPANY management of its capital. OCWEN LOAN SERVICING, LLC., acted only as a servicer of Plaintiffs loan.

123.   AMERIQUEST MORTGAGE COMPANY failed to disclose to Plaintiffs that their economic interests were adverse to Plaintiffs and that AMERIQUEST MORTGAGE COMPANY expected to profit when Plaintiffs found it impossible to perform and defaulted on their mortgage.

124.   A necessary element in the formation of an enforceable contract under the common law is a *meeting of the minds*. Two or more parties must share some expectation that a future event will occur. Plaintiffs expected that he would borrow money from AMERIQUEST MORTGAGE COMPANY, he would pay it back to AMERIQUEST MORTGAGE COMPANY, and then he would own the Property. AMERIQUEST MORTGAGE COMPANY expected that Plaintiff would borrow money, he would not be able to pay it back, and then AMERIQUEST MORTGAGE COMPANY the investors would own the Property. Since there was no shared expectation – no meeting of the minds – no contract was formed between Plaintiffs and AMERIQUEST MORTGAGE COMPANY. They believe this so much so that in order to minimize any possible damages they securitized the note in order to ensure payment was received.

125.   In addition to AMERIQUEST MORTGAGE COMPANY expectation that Plaintiffs would lose title to the Property through foreclosure, AMERIQUEST MORTGAGE COMPANY anticipated transferring the Note to investors immediately after Plaintiffs signed

the Note. Plaintiffs are informed and believe that AMERIQUEST MORTGAGE COMPANY purchased credit default insurance so that AMERIQUEST MORTGAGE COMPANY would receive the balance on the Note when Plaintiffs defaulted, in addition to any money AMERIQUEST MORTGAGE COMPANY received when it securitized the Note.

126.    Not only did AMERIQUEST MORTGAGE COMPANY dispense with conventional underwriting practices in 2006, it also paid premium fees and other incentives to mortgage brokers who signed up the riskiest borrowers. Fueled by spiraling profits to OCWEN LOAN SERVICING, LLC., and other bankers, common law principles of contract formation, customary underwriting practices, and statutory procedures for transferring interest in real property, including the recordation of transfers of interests in real property, disintegrated and the system collapsed.

127.    AMERIQUEST MORTGAGE COMPANY expected that Plaintiff would not perform as merely one victim in a scheme in which:

(1) OCWEN LOAN SERVICING, LLC., fees as servicer would be greater as the number of loans increased;

(2) OCWEN LOAN SERVICING, LLC., fees as servicer would be greater as the balances of loans increased;

(3) DEUTSCHE BANK NATIONAL TRUST COMPANY would recover the unpaid balance of Plaintiffs loan through credit default insurance when Plaintiffs inevitably defaulted; and

(4) All risk of loss in the event of Plaintiffs default would be borne by investors, not OCWEN LOAN SERVICING, LLC., as the servicer.

128.     Plaintiffs participation in the mortgage contract was procured by overt and covert misrepresentations and nondisclosures. The parties did not share a single expectation with respect to any of the terms of the mortgage contract and therefore the contract was *void ab initio*.

129.     No enforceable contract was formed between Plaintiffs and DEUTSCHE BANK NATIONAL TRUST COMPANY so their Deed of Trust and Promissory Note were not assets of DEUTSCHE BANK NATIONAL TRUST COMPANY, that could be acquired or assumed by DEUTSCHE BANK NATIONAL TRUST COMPANY, from the Federal Deposit Insurance Corporation (FDIC) or any other entity for that matter as receiver AMERIQUEST MORTGAGE COMPANY.

130.     Neither OCWEN LOAN SERVICING, LLC., Bank and/or  DEUTSCHE BANK NATIONAL TRUST COMPANY, has any right to receive payment under Plaintiffs mortgage loan and has no right to foreclose on his Property. Plaintiffs do not seek rescission of the contract. He alleges that the contract was void *ab initio*.

## XIV.  SEVENTH CAUSE OF ACTION

### WRONGFUL FORECLOSURE

131.     Plaintiffs incorporate by reference as through fully set forth herein, each and every allegation above set forth in this complaint.

132.     Neither AMERIQUEST MORTGAGE COMPANY, OCWEN LOAN SERVICING, LLC.,s, nor anyone else has recorded a transfer of beneficial interest in the Note to OCWEN LOAN SERVICING, LLC.,s.

133.     OCWEN LOAN SERVICING, LLC.,s do not have standing to enforce the Note because OCWEN LOAN SERVICING, LLC.,s are not the owner of the Note, OCWEN LOAN

SERVICING, LLC.,s is not a holder of the Note, and OCWEN LOAN SERVICING, LLC.,s are not a beneficiary under the Note. OCWEN LOAN SERVICING, LLC.,s do not claim to be a holder of the Note or a beneficiary. OCWEN LOAN SERVICING, LLC.,s describe themselves as a loan servicer in the Notice of Trustee's Sale. If OCWEN LOAN SERVICING, LLC.,s are servicers, OCWEN LOAN SERVICING, LLC.,s cannot foreclose on Plaintiffs property without authorization from the Lender under the terms of the Deed of Trust.

134.    Plaintiffs are informed and believe that OCWEN LOAN SERVICING, LLC.,s cannot produce an original Note. OCWEN LOAN SERVICING, LLC.,s do not own the loan and cannot identify the owner of the loan. OCWEN LOAN SERVICING, LLC.,s was not assigned nor sold the note by AMERIQUEST MORTGAGE COMPANY the original holder of the note, which would be the only authorized entity legally able to sale or assign the note.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs prays for judgment against OCWEN LOAN SERVICING, LLC.,s as follows:

1.    For Equitable relief, including an Order for OCWEN LOAN SERVICING, LLC.,s to rescind all Notices of Default against Plaintiffs 's account and to engage in reasonable efforts to restore Plaintiffs 's credit to its previous standing, by entering a statement which says, "Paid as Agreed";

2.    For a temporary and preliminary injunction enjoining OCWEN LOAN SERVICING, LLC.,s from transferring the Subject Property of or from taking any action to take Plaintiffs property from him during the pendency of this action;

3.    That the Court enter a judgment declaring OCWEN LOAN SERVICING, LLC.,s acts and practices complained of herein to be unlawful, unfair, and fraudulent;

4.     For injunctive relief against OCWEN LOAN SERVICING, LLC.,s to prevent future wrongful conduct;

5.     That Plaintiffs recover costs, and reasonable attorney fees, if incurred;

6.     That OCWEN LOAN SERVICING, LLC.,s be required to specifically prove all allegations in this action;

7.     For general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiffs , pursuant to 15 U.S.C. 1692(k) a 1;

8.     For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per cross-complainant, pursuant to 15 USC 1692(k) a 2 a.

9.     For costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3;

10.     For a judicial declaration pursuant to Code of Civ. Procedure 1060 that OCWEN LOAN SERVICING, LLC.,s actions violated the FDCPA;

11.     For punitive damages;

12.     And for such other and further relief as the Court may deem just, equitable and proper.

Dated this November 05, 2014

Jason McCorvey, Plaintiffs  in Pro Se

Christina McCorvey, Plaintiffs  in Pro Se

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a trial by jury of each and every claim so triable.

Dated this November _05_, 2014

_____

Jason McCorvey, *Plaintiffs  in Pro Se*

_____

Christina McCorvey, *Plaintiffs  in Pro Se*

**VERIFICATION**

I am Plaintiffs in the above-entitled action.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws in and of the State of Louisiana that the foregoing is true and correct to the best of my knowledge.

Dated this November _05_, 2014

_____

Jason McCorvey, *Plaintiffs  in Pro Se*

_____

Christina McCorvey, *Plaintiffs  in Pro Se*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November _05_, 2014, a true and correct copy of COMPLAINT TO OCWEN LOAN SERVICING was personally filed with the Clerk of the Court. The undersigned further certifies that a copy of this document will be served on the parties in said action, by placing a true copy thereof in a sealed envelope with postage thereon fully prepared in the United States addressed as follows:

SERVICE AGENT FOR OCWEN:

**OCWEN LOAN SERVICING, LLC**
**C/O CORPORATION SERVICE COMPANY**
320 Somerulos St.
Baton Rouge, LA  70802-6129

Jason McCorvey, *Plaintiff Pro Se*

Christina McCorvey, *Plaintiff Pro Se*