UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JASON McCORVEY, et ux. | CIVIL ACTION NO. 14-3186 |
| VERSUS | U.S. DISTRICT JUDGE DRELL |
| OCWEN LOAN SERVICING, LLC., et al. | U.S. MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Before the court is a Rule 12(b)(6) motion to dismiss, **doc. # 16**, filed by defendant, OCWEN Loan Servicing, LLC (OCWEN). The motion has been referred to me for report and recommendation.

This suit, filed by plaintiffs pro se, arises out of a foreclosure proceeding now pending in state court. Because this suit was filed, the creditor (lender) put the foreclosure suit "on hold".

Plaintiffs, Jason and Christina McCorvey, purchased a home in 2002 and signed a note and mortgage on it to Ameriquest Mortgage Company (Ameriquest). After becoming delinquent on the loan in 2006, plaintiffs filed a bankruptcy proceeding. During the proceeding the loan servicer, Litton Loan Servicing (Litton), transferred the servicing of the loan to OCWEN, a transfer that was permitted under the mortgage. Plaintiffs did not object to the transfer. In completing their Chapter 13 bankruptcy plan, plaintiffs made payments to OCWEN. At some point, the notes and mortgage were assigned from Ameriquest to Deutsche Bank National Trust Company (Deutsche) by authentic Act, with notice to plaintiffs.

Thereafter, plaintiffs fell into default again and Deutsche filed foreclosure proceedings against plaintiffs in State court in Rapides Parish. This suit followed. This suit claims "acts

perpetrated by OCWEN Loan Servicing, LLC, in efforts to unlawfully foreclose on Plaintiffs (sic) property. In doing so, OCWEN Loan Servicing, LLC have (sic) made numerous violation (sic)" of the FDCPA (Fair Debt Collection Practices Act) and FCRA (Fair Credit Reporting Act). In addition, plaintiffs set out a claim for negligence of OCWEN in "foreclosing on Plaintiffs (sic) property), for intentional infliction of emotional distress related to the foreclosure proceedings, seek to be recognized as the rightful owners of the property regardless of the pending foreclosure proceedings and seek injunctive relief. Plaintiffs also sue for "wrongful foreclosure", and assert that OCWEN has no authority to institute foreclosure proceedings and that, in any event, it is paid up on its mortgage obligations.

OCWEN sums up the case as "yet another attempt [by plaintiffs] to retain ownership of their home without having to pay for it." and suggest this is an intentional abuse of this court and of the judicial process in order to delay and thwart the state court foreclosure proceedings.

OCWEN shows that it is not the plaintiff in the foreclosure proceedings; Deutsche is, and OCWEN is only peripherally involved as loan servicer. OCWEN also shows that plaintiffs have failed to state a claim upon which relief may be granted under the FDCPA or the FCRA and their other claims.

**Jurisdiction**

Although defendant/mover has not asked for dismissal on the basis of Rule 12(b)(1) on the basis of lack of subject matter jurisdiction, it does point out that the Rooker-Feldman doctrine might have applicability here and deprive the court of jurisdiction. Even though no motion on that basis has been filed, Federal courts have a duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary. Lewis v. Hunt, 492 F.3d 565, (5th Cir., 2007), and cases

cited therein.

The Rooker-Feldman doctrine[1] directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. Liedke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994). State courts should resolve Constitutional questions; thereafter, recourse is by application for a writ of certiorari to the United States Supreme Court.  A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. United States v. Shepherd, 23 F.3d 923, 924 (5th Cir. 1994). Similarly, a federal complainant cannot re-litigate issues that should have been raised in state court and defeat the operation of the Rooker-Feldman doctrine. Liedke, supra. Finally, Rooker-Feldman bars federal claims which are inextricably intertwined with state court judgments. Id.

Because no judgment has been entered by the state court, the Rooker-Feldman doctrine is inapplicable and this court retains jurisdiction.

## FRCP Rule 12(b)(6)

In considering a Rule 12(b)(6) motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff.  A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts.  Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing

---

[1] See Rooker v. Fidelity Trust Co., et al, 44 S.Ct. 149 (1923); D.C. Court of Appeals v. Feldman, 103 S.Ct.1303 (1983).

rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). See also, Ashcroft v. Iqbal . Nevertheless, FRCP Rule 8(a)(2) still requires only a short and plain statement of the claim showing that the pleader is entitled to relief and recitation of specific facts are not necessary. See Twombly and Iqbal, both supra.

This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. Bell, supra. A motion to dismiss is viewed with disfavor and is rarely granted. Collins v. Morgan Stanley, 224 F.3d 496 (5th Cir. 2000).

**Analysis**

In the "Introduction" section of their complaint, plaintiffs set forth the bottom line of their complaint:

> "Plaintiffs in this action are victims of unlawful acts perpetrated by OCWEN LOAN SERVICING, LLC., in efforts to unlawfully foreclose on Plaintiffs (sic) property. In doing so, OCWEN LOAN SERVICING, LLC., have (sic) made numerous violation (sic) of the FDCPA, FCRA, Fair Debt Collection Practices Act, and the Credit Reporting Agency Act ("CCRAA").

The thrust of the complaint is plaintiffs' displeasure with the fact the home they agreed to, but failed to, pay for is being foreclosed for non-payment. Plaintiffs' allegations of violations of

4

the FDCPA and of the FCRA, as well as the state law claims, are all inextricably intertwined with the foreclosure. See, generally, the complaint and, especially, paras. 63, 67, 70, 76, 87, 93, 94-134 of the complaint. Plaintiffs seek both injunctive relief and declaratory relief.

The Anti-Injunction Act

The Anti-Injunction Act, 28 U.S.C. §2283, generally prohibits federal courts from interfering with proceedings in state court. Health Net, Inc. V. Wooley, et al, 534 F.3d 487 (5th C. 2008). The statute provides:

> "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The statute is strictly construed and only the exceptions contained in the Act are recognized. Health Net, supra. The Anti-Injunction Act limits federal remedies without ousting federal subject-matter jurisdiction. Id. Even orders, such as declaratory judgments, that technically are not injunctions may violate the Anti-Injunction Act if they have the effect of staying a pending state proceeding. Texas Employers' Ins. Assn. v Jackson, 862 F.2d 491 (5th Cir. 1988). The Act's application cannot be avoided by addressing the order to the parties to the state court litigation. Sinisgallo v. Town of Islip Housing Authority, 865 F.Supp.2d 307 ((E.D.N.Y. 2012).

The crux of plaintiffs' suit is that plaintiffs want the foreclosure stopped. Pursuing this suit is a transparent attempt to do just that. Indeed, the mere filing of the suit has already had the effect of "staying" the state court foreclosure proceeding even without an order from this court. Plaintiffs' claims can and should be presented as defenses in the state court proceedings in accordance with the rules and procedures set out by Louisiana law. For this court to grant any relief in this case, or

5

even to entertain the case would constitute impermissible meddling in the affairs of Louisiana and its courts and, in any event, would amount to an injunction or declaratory judgment, or both, which is expressly prohibited by the Act.

Therefore, while this court does have jurisdiction, it may not act to interfere with the state court proceeding.

Furthermore, even if this court could act, plaintiffs have failed to state a claim on which relief may be granted on any of their several claims. Plaintiffs' claims are conclusory and, despite the extraordinary length, the complaint is short on facts to show any violation of the FCRA or the FDCPA. In the case of both, plaintiffs have failed to allege even predicate facts to support their claims. Their claims of quasi contract and "no contract" are potential defenses in the foreclosure proceeding but are not actionable here. Similarly, the quiet title, negligence, and intentional infliction of mental distress claims relate to the foreclosure proceeding.

For the foregoing reasons IT IS RECOMMENDED that defendant's motion to dismiss be GRANTED and that the claims against the defendants be dismissed with prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 19th day of March, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE